UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLEN JENKINS, | ) | CV 06-5500 SVW (FMO) |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS, |
| | ) | CONCLUSIONS AND |
| v. | ) | RECOMMENDATIONS OF UNITED |
| | ) | STATES MAGISTRATE JUDGE |
| MICHAEL A. SMELOSKY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**I.    INTRODUCTION**

    The Magistrate's Report and Recommendation accurately addresses all of Petitioner's eight claims for federal habeas corpus relief. Having thoroughly reviewed the record de novo, the Court agrees with the Magistrate's conclusions and adopts the Magistrate's Report and Recommendation.  The Court wishes to address certain of Petitioner's objections by discussing cases that were not included in the Report and Recommendation.

## II.  RIGHT TO BE PRESENT

Petitioner's fourth ground for relief is that the trial court violated his Fourteenth Amendment right to be present by allowing testimony to be read back for the jury when petitioner was not present. (Magistrate Judge's Report and Recommendation at 18.)  The Magistrate Judge correctly cited La Crosse v. Kernan, 244 F.3d 702, 708 (9th Cir. 2001), which observed that the Supreme Court "has never addressed whether readback of testimony to a jury is a 'critical stage[] of the trial' triggering a criminal defendant's fundamental right to be present."  The Ninth Circuit in LaCrosse concluded, "Given the divergence of opinion on this issue and the lack of clear guidance from the United States Supreme Court, we cannot say that the California court's determination here was contrary to or an unreasonable application of clearly established federal law."  Id.  La Crosse applies to this case and is dispositive of Petitioner's claim for habeas relief.

It is worth noting, however, that the Ninth Circuit distinguished La Crosse in Fisher v. Roe, 263 F.3d 906 (9th Cir. 2001), overruled on other grounds by Payton v. Woodford, 346 F.3d 1204, 1217 n.18 (9th Cir. 2003).  In Fisher, the defendants' attorneys were not present at the readback or even informed of it, whereas the attorney in La Crosse was aware of the readback and consented to it.  Fisher, 263 F.3d at 916. The court said that when a defendant's attorney is not informed, "the right to be present at a readback under these circumstances is a clearly established right."  Id.

If Petitioner could establish that his attorney was not informed of the readback, he would have a cognizable claim under <u>Fisher</u>.  But the record indicates otherwise.  As noted by Respondent in his Return to the Petition, all counsel agreed to allow any readbacks to take place without the presence of counsel or Petitioner.  (Respondent's Return Memorandum of Points and Authorities at 14-15 (citing Court Transcripts at 529 ("The reporter Paula Lawson goes into the juryroom, as previously agreed by all counsel, and reads back the requested testimony to the jury.")))  Because Petitioner's counsel was informed of the readback and agreed to it beforehand, Petitioner cannot challenge the readback under <u>Fisher</u>.  Therefore, Petitioner's fourth claim for relief must be denied.

**III. INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner's third ground is that his trial counsel was constitutionally ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  He bases this claim on his counsel's failure to call Petitioner's wife, Frankie Andrews-Jenkins, as an alibi witness at trial.  (Petition at 44.)  Petitioner submitted a declaration from Andrews-Jenkins that Petitioner was in bed having "intimate relations" with her at 8:00 a.m. on the morning of the robbery, and that Petitioner returned home at approximately 8:30 a.m. after walking his children to school.  (Petition, App'x A.)  Petitioner says he informed his trial counsel of the availability of Andrews-Jenkins as a witness, and his counsel, without explanation, failed to call the witness. (Petition at 44.)

1    Petitioner presented this same claim in his habeas petition to the
2    California Court of Appeal. (Pet. to Cal. Ct. App. at 44 (Respondent's
3    Motion to Dismiss Ex. I.)) Petitioner included the declaration of
4    Andrews-Jenkins in his petition to the Court of Appeal. (See id. The
5    Court of Appeal denied the petition on the merits on January 20, 2005,
6    saying Petitioner "has not stated facts sufficient to support relief."
7    (Cal. Ct. App. Order Denying Pet. (Respondent's Motion to Dismiss Ex.
8    J.))

9    Even though the California Court of Appeal did not explain its
10   reasoning, this Court must defer to the Court of Appeal's decision
11   under 28 U.S.C. § 2254(d)(1). See Richter v. Hickman, 578 F.3d 944,
12   951 (9th Cir. 2009) (en banc) ("Where, as here, no state court has
13   explained its reasoning on a particular claim, we conduct an
14   independent review of the record to determine whether the state court's
15   decision was objectively unreasonable.") (internal quotation omitted).

16   In determining whether the state court's decision was objectively
17   unreasonable, this Court is conscious of "the doubly deferential
18   judicial review that applies to a Strickland claim evaluated under the
19   § 2254(d)(1) standard." See Knowles v. Mirzayance, 129 S. Ct. 1411,
20   1420 (2009) (citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003) (per
21   curiam)). "Strickland requires a defendant to establish [1] deficient
22   performance and [2] prejudice." Id. (citing Strickland, 466 U.S. at
23   687). "The question 'is not whether a federal court believes the state
24   court's determination' under the Strickland standard 'was incorrect but
25   whether that determination was unreasonable - a substantially higher
26   threshold.'" Id. (citing Schriro v. Landrigan, 550 U.S. 465, 473
27   (2007). "And, because the Strickland standard is a general standard, a
28

state court has even more latitude to reasonably determine that a
defendant has not satisfied that standard." Id. (citing Yarborough v.
Alvarado, 541 U.S. 652, 664 (2004)).

Applying this deferential standard, the Court adopts that the
Magistrate Judge's Report and Recommendation as it relates to the
"prejudice" prong of Strickland. Under the "prejudice" prong:

> Our obligation is to determine whether there is a "reasonable
> probability that, absent [counsel's] errors, the factfinder would
> have had a reasonable doubt respecting guilt." A "reasonable
> probability" does not require certainty, or even a showing that it
> is "more likely than not" that a different outcome would have
> resulted. Rather, the probability must simply be "sufficient to
> undermine [our] confidence in the outcome."

Richter v. Hickman, 578 F.3d 944, 966 (9th Cir. 2009) (en banc)
(quoting Strickland, 466 U.S. at 694-95; Sanders v. Ratelle, 21 F.3d
1446, 1461 (9th Cir. 1994)).

Having independently reviewed the record, the Court concludes that
the California Court of Appeal did not unreasonably conclude that
Petitioner was not prejudiced by his trial counsel's failure to call
Andrews-Jenkins to testify on his behalf. See 28 U.S.C. § 2254(d)(1).
It is true, as Petitioner points out in his Objections to the Report
and Recommendation, that the Ninth Circuit does not appear to discount
a witness's testimony solely because the witness is a relative of the
defendant. See, e.g., Luna v. Cambra, 306 F.3d 954, 961-62 (9th Cir.
2002), amended by 311 F.3d 928 (9th Cir. 2002); Lord v. Wood, 184 F.3d
1083, 1096 (9th Cir. 1999); cf. Magistrate Judge's Report and
Recommendation, at 26:17-26:21. However, under 28 U.S.C. § 2254(d)(1),

this Court is guided by Supreme Court precedent, not Ninth Circuit precedent.  It is not an "unreasonable application of" Strickland if the court discounts a family member's proposed testimony.  In fact, a number of United States Courts of Appeals have discounted relatives' alibi testimony.  For example, in an analysis of the "prejudice" prong of Strickland, the Fourth Circuit discounted the testimony of the petitioner's father.  Huffington v. Nuth, 140 F.3d 572, 581 (4th Cir.) ("We must evaluate the testimony of Huffington's own father in light of the potential bias inherent in such testimony."), cert. denied, 525 U.S. 981 (1998).  In analyses of the first prong of Strickland, the Seventh and Tenth Circuits have excused counsel's failure to investigate and call family members as witnesses because such testimony would likely be discounted by the jury.  Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir.) ("alibi testimony by a defendant's family members is of significantly less exculpatory value than the testimony of an objective witness"), cert. denied, 515 U.S. 1148 (1995); Bergman v. McCaughtry, 65 F.3d 1372, 1380 (7th Cir. 1995) ("counsel could well decide not to call family members as witnesses because family members can be easily impeached for bias"), cert. denied, 517 U.S. 1160 (1996). Finally, in an analysis of a habeas petitioner's claim of actual innocence, the Eighth Circuit discounted the proposed testimony of two defendants' spouses.  Gullett v. Armontrout, 894 F.2d 308, 310 (8th Cir.) (defendants' wives' alibi testimony "would in all probability not have changed the verdict of the jury given their relationship to [the defendants] and their obvious bias"), cert. denied, 495 U.S. 950 (1990).

Because a number of circuit courts have discounted family members' alibi testimony, and because this question has not been addressed by the Supreme Court, it was not unreasonable for the California Court of Appeal to discount Petitioner's wife's declaration when applying <u>Strickland</u> and determining that Petitioner was not prejudiced by his attorney's allegedly deficient performance.  <u>See</u> 28 U.S.C. § 2254(d)(1).

Additionally, as the Report and Recommendation discusses, the California Court of Appeal did not unreasonably determine that Petitioner did not suffer prejudice because the proposed testimony does not contradict the prosecution's theory of the case.  The Court fully adopts and incorporates the Magistrate Judge's Report and Recommendation on this point.  (Report and Recommendation at 26:21-27:5.)  Even if the proposed testimony was introduced at trial and credited by the jury, the California court did not unreasonably determine that the declaration was not "sufficient to undermine [its] confidence in the outcome," <u>Richter v. Hickman</u>, 578 F.3d at 966, and accordingly that Petitioner did not suffer prejudice.  <u>Cf.</u> <u>Brown v. Myers</u>, 137 F.3d 1154, 1157-58 (9th Cir. 1998) (prejudice shown where proposed testimony was "**consistent** with [defendant's] account" of events, and the absence of proposed testimony lack of that testimony "left [defendant] without any effective defense") (emphasis added).  As the Magistrate Judge explains, even if Petitioner was in bed at 8:00 a.m. and returned home at 8:30 a.m., it would have been possible for him to receive a pager message at 6:56 a.m. and communicate over a walkie-talkie sometime after 8:30 a.m.  Thus, the California Court of

1   Appeal did not unreasonably conclude that Petitioner did not suffer

2   prejudice due to his counsel's alleged deficient performance.

3       Thus, the California Court of Appeal's application of the second

4   prong of <u>Strickland</u> was not contrary to, or an unreasonable application

5   of, clearly established federal law.  28 U.S.C. § 2254(d)(1).

6   Accordingly, the Court adopts the Report and Recommendation on

7   Petitioner's Third Ground.[1]

8

9   **IV.  ALLEGED <u>BRADY</u> VIOLATIONS**

10

11       The Court adopts in full the Magistrate Judge's Report and

12   Recommendation discussion of Petitioner's claims under <u>Brady v.</u>

13   <u>Maryland</u>, 373 U.S. 83 (1963).  (Magistrate Judge's Report and

14   Recommendation at 20-23.)

15       Additionally, the Court notes that the government has a privilege

16   to protect a confidential informant's confidentiality.  Whether or not

17   a confidential informant's identity must be disclosed is a heavily

18   fact-based analysis.  See <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62

19   (1957) ("Where the disclosure of an informer's identity, or of the

20   contents of his communication, is relevant and helpful to the defense

21   of an accused, or is essential to a fair determination of a cause, the

22   privilege must give way. . . .  Whether a proper balance renders

23

24       [1] The Court refrains from deciding the Petition under the first prong

25   of <u>Strickland</u>, which requires an analysis into whether counsel's performance was deficient.  The record does not provide any

26   evidentiary basis for the California Court of Appeal reasonably to conclude that the trial counsel's decision not to call the proposed

27   witness was the product of a reasonable informed strategy.  <u>See, e.g.</u>, <u>Wiggins v. Smith</u>, 539 U. S. 510, 526-527 (2003) (rejecting use

28   of "a post hoc rationalization of counsel's conduct").

nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.")  The defendant bears the burden of showing the need for disclosure of the informant's identity. "He must show that he has more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or will be essential to a fair trial." United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997) (citing United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th Cir.1993)), abrogated on other grounds, Watson v. United States, 552 U.S. 74 (2007); accord Rugendorf v. United States, 376 U.S. 528, 534-35 (1964) (rejecting the defendant's challenge to non-disclosure of informant's identity because the defendant "did not develop [the Roviaro] criteria with reference to the merits of the case"). "Generally, it is not material to the outcome of a case to disclose the identity of informants 'who merely convey information to the government but neither witness nor participate in the offense.'" United States v. Hayes, 120 F.3d 739, 743 (8th Cir. 1997) (citations omitted).

The California Court of Appeal's application of Roviaro to Petitioner's Brady claim was not contrary to, or an unreasonable application of clearly established federal law.

**V.   ADDITIONAL ALTERATIONS TO REPORT AND RECOMMENDATION**

The Report and Recommendation's citation to Murdoch v. Castro, 489 F.3d 1063 (9th Cir. 2007) (Report and Recommendation at 13-14), is deleted because the Ninth Circuit has vacated its opinion on account of

a pending en banc review.  See 546 F.3d 1051.  This alteration does not affect the Magistrate Judge's reasoning or conclusions.

With respect to Petitioner's fifth asserted ground, People v. Austin, 23 Cal. App. 4th 1596 (1994), which is cited in Petitioner's Amended Objections (at pages 10 to 11), has been superceded by People v. Palmer, 24 Cal. 4th 856 (2001).

Finally, for the reasons discussed in the Report and Recommendation, Petitioner's remaining Objections are meritless.

**VI.  CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has examined the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge.

///

///

///

Accordingly, IT IS ORDERED THAT:

1.   Judgment shall be entered dismissing the action with
     prejudice.

2    The Clerk shall serve copies of this Order and the Judgment
     herein on the parties.


     IT IS SO ORDERED.

DATED: February 2, 2010

                                              _____
                                              STEPHEN V. WILSON
                                              UNITED STATES DISTRICT JUDGE